IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Demontra Glenn,<br><br>   Petitioner,<br><br>v.<br><br>N. Barnes,<br><br>   Respondent. | Case No.: 6:20-cv-02025-SAL<br><br><br>**OPINION AND ORDER** |

This matter is before the Court for review of the August 14, 2020 Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 14]. In the Report, the Magistrate Judge recommends Petitioner's 28 U.S.C. § 2241 petition be dismissed without requiring the respondent to file a return. *Id.* Petitioner filed objections to the report on August 31, 2020. [ECF No. 16]. For the reasons outlined herein, the Court adopts the Report and dismisses the Petition without prejudice.

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of only those portions of the Report to which specific objections have been made, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P.

1

72(b); *Carniewski v. W. Virginia Bd. Of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to explain adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than just a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Heath and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to – including those portions to which only 'general and conclusory' objections have been made – for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Petitioner's specific objections are as follows:

1. Petitioner objects to the Report's determination that he fails the *Wheeler* test since he did not file a 28 U.S.C. § 2255 petition within 1 year of his conviction in 2017. *United States v. Wheeler*, 886 F.3d 415, 426 (4th Cir. 2018). Given *Rehaif* was handed down in 2019, Petitioner claims to have possessed no cause to file a seciton 2255 petition before that point.

2

*Rehaif v. United States*, 139 S.Ct. 2191 (2019).

2. Under the *Wheeler* test, Petitioner contests that *Rehaif*'s new knowledge requirement qualifies as a change in the substantive statutory law of the sentencing court.

3. Petitioner objects to the Report's determination that his conviction under 18 U.S.C § 922(g) is still considered a criminal activity.

4. Petitioner objects to the Report's determination that by, pleading guilty, Petitioner admitted all the essential elements required for a criminal conviction.

[ECF No. 16]. The Court will consider the objections *de novo*.

## DISCUSSION

**I.     Petitioner cannot use 28 U.S.C. § 2241 to replace a 28 U.S.C. § 2255 motion.**

Ordinarily, "defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). Here, Petitioner contends that he lacks the ability to bring a claim under section 2255 since he is time-barred under section 2255(f)(1). Thus, Petitioner seeks to invoke the savings clause of section 2255 to bring a challenge to his conviction under section 2241. 28 U.S.C. § 2255(e). To do so, Petitioner must show that a motion under section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). As noted in the Report, Petitioner's challenge fails the tests for an inadequate or ineffective measure from both *Wheeler*, 886 F.3d at 426 (challenges to sentences), and *In re Jones*, 226 F.3d 328 (4th Cir. 2000) (challenges to convictions). [ECF No. 14, p.4]. Petitioner fails each test because he has never filed a section 2255 motion, so he cannot meet the savings clause exception for a successive section 2255 claim. *See Vela-Cavazos v. Mansukhani,* No. CV 0:16-3566-TMC, 2017 WL 1371081, at *2 (D.S.C. Apr. 17, 2017) ("A prisoner in federal custody should first proceed with a § 2255 motion before attempting to satisfy the 'savings clause.'").

In his objections to the Report, Petitioner contends that the Fourth Circuit Court of Appeals

made *Rehaif* retroactive on collateral review in its decisions in *United States v. Lockhart*, 947 F.3d 187 (4th Cir. 2020), and *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020). If that were the case, Petitioner should have brought his claim in the sentencing court under section 2255 directly. Petitioner would then be tasked with showing his motion was timely because it was filed within one year of the date on which the right asserted was made retroactive on collateral review. 28 U.S.C. § 2255(f)(3) (stating a motion may be filed within one year of the date on which the right asserted was initially recognized by the Supreme Court if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review). That was the only plausible course of action available to Petitioner. As the Magistrate Judge correctly stated in the Report, a section 2241 petition under the section 2255 savings clause is unavailable because Petitioner never filed a motion pursuant to section 2255. *See* [ECF No. 14, p.8].

## II.     The Court finds the Petition should be dismissed.

For claims that are not properly brought under section 2241, a petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). In some cases, dismissing a petition would likely leave the petitioner time-barred from filing a section 2255 motion in the sentencing court, and thus, it is in the interest of justice to construe the petition as a section 2255 motion and transfer the petitioner's claim to the sentencing court where his claim may be heard on the merits. *See Bailey v. Warden,* No. 7:20CV00284, 2021 WL 138855, at *1 (W.D. Va. Jan. 14, 2021); *Tucker v. Young*, No. 5:20-CV-00297, 2020 WL 9455056, at *4 (S.D.W. Va. Dec. 4, 2020), *report and recommendation adopted*, No. 5:20-CV-00297, 2021 WL 1823009 (S.D.W. Va. May 6, 2021).

However, in this case, the Court finds that recharacterization is not warranted. Petitioner's contention that the Fourth Circuit Court of Appeals made *Rehaif* retroactive on collateral review

is incorrect. District courts within the Fourth Circuit have consistently found that *Rehaif* has not been held to be retroactive on collateral review. *Asar v. Travis*, No. 6:20-cv-00394-BHH, 2020 WL 3843638, at *2 (D.S.C. July 8, 2020); *Rozier v. Breckon*, No. 7:19-cv-00545, 2020 WL 5790413, at *3 (W.D. Va. Sept. 28, 2020); *Thompson v. Phelps*, No. 8:20-cv-02716-RMG-JDA, 2020 WL 7344099, at *5 (D.S.C. Oct. 21, 2020), *report and recommendation adopted*, 2020 WL 7335899 (D.S.C. Dec. 14, 2020); *Miller v. Phelps*, No. 6:20-cv-02423-BHH-KFM, 2020 WL 5868337, at *4 (D.S.C. Sept. 2, 2020), *report and recommendation adopted*, 2020 WL 5868296 (D.S.C. Oct. 1, 2020); *Waters v. United States*, No. 4:15-cr-158, 2019 WL 3495998, at *5 (D.S.C. Aug. 1, 2019). For that reason, the interests of justice do not require the Court to construe the Petition as a section 2255 motion and transfer the claim to the sentencing court. Even if recharacterized as a section 2255 motion, the Petition would not be timely in the sentencing court because the Fourth Circuit has not made *Rehaif* retroactive on collateral review. The proper disposition is therefore dismissal of the section 2241 petition.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation, ECF No. 14. For the reasons discussed above and in the Report, the Petition is DISMISSED without prejudice and without requiring Respondent to file a return.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

IT IS SO ORDERED.

July 28, 2021
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."